IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


PHILLIP JAMES WHITE,

                        **Petitioner,**

      v.                                CASE NO. 16-3249-SAC

DAN SCHNURR[1], Warden,

                        **Respondent.**


## O R D E R

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se. The Court has examined the petition and enters the following findings and order.

### Background

Petitioner was convicted on February 12, 2016, upon his guilty plea. He did not file a direct appeal (Doc. #1, p.2), and he has not filed a motion for post-conviction relief (*id.*, p. 3).

In this petition, he claims his sentence was not properly calculated and that he did not understand that he would not receive credit for time served if he were placed on house arrest. He asks that his conviction for felony theft be amended to a misdemeanor and that his current sentence be ordered to run concurrently with an earlier sentence.

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." The Court therefore substitutes Warden Schnurr of the Hutchinson Correctional Facility as the respondent to this action.

**Analysis**

Generally, a habeas petitioner is required to exhaust available state remedies before commencing a federal petition. 28 U.S.C. §2254 (b)(1). This exhaustion requirement is satisfied when the petitioner has given the state courts an opportunity to review his claims before he presents them to the federal court in a habeas petition. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Where a petitioner has not exhausted state court remedies before filing a federal petition, the federal court ordinarily should dismiss the claims without prejudice to allow the prisoner to present the claims to the state courts. *Bland v. Simons*, 459 F.3d 999, 1012 (10th Cir. 2006).

Here, the petition shows that petitioner has not yet sought relief in the state courts. Because he has not exhausted available state court remedies, the Court concludes this matter should be dismissed without prejudice to allow him to present his claims for relief to the state courts.[2]

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 13th day of December, 2016, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[2] As a prisoner in state custody, petitioner may seek legal advice from groups such as Legal Services for Prisoners or the Paul E. Wilson Project for Innocence and Post-Conviction Remedies.